## PARKWAY CABS, INC v CINCINNATI. (city)

Ohio Appeals, 1st Dist, Hamilton Co

No 4879. Decided Nov 25, 1935

Sol Goodman, Cincinnati, for plaintiff in error.

John D. Ellis, City Solicitor, Cincinnati, and James E. O'Connell, Assistant City Solicitor, Cincinnati, for defendant in error.

### OPINION

By HAMILTON, J.

Plaintiff in error, Parkway Cabs, Inc., was convicted in the Municipal Court of Cincinnati on the charge of unlawfully parking its automobile within twenty feet of a water plug, which is used by the Fire Department of the City of Cincinnati, in violation of §74-102 of the Code of Ordinances of the City of Cincinnati. From that conviction, Parkway Cabs prosecuted error to the Court of Common Pleas, which court affirmed the conviction. Error to the judgment of the Court of Common Pleas is prosecuted to this court.

The question of error stressed is that the conviction and judgment are contrary to law.

The bill of exceptions discloses that an officer of the police department found the motor vehicle, having printed thereon the name "Parkway Cabs, Inc." parked within two feet of the fire plug, that there was no person in the vehicle, but that there were several drivers and employes of the defendant company nearby; that the officer made no effort to find out from the officials of the Parkway Cabs, Inc., the office of which was located across the street, the name of the person having control of, or having parked said vehicle. Upon this evidence, conviction was had.

It will be noted that the affidavit charges a violation of ordinance 74-102.

It is argued in the brief for the City that there was a violation by the defendant company of §74-102 of the Code of Ordinances of the City of Cincinnati.

We have examined the ordinances of the city and find in the annual supplement of 1932 that §74-102 of the ordinances refers to right of way at intersections only and makes no mention of fire plugs. If the prosecution was under this section there is no violation shown.

We do find on further examination of the Act of 1928 in §74-148 of the Code of Ordinances the provision that "it shall be unlawful to park any vehicle within twenty feet of any fire hydrant, * * *." No express penalty is attached to this §74-148. There is a general penalty which provides "Whoever shall violate any of the provisions of any of the sections of this chapter * * * shall be fined, etc." It will be noted that this general penalty section uses the word "whoever." In the case of **Ebert Brewing Co. et v State of Ohio,** 2 O.C.C. 537, it is held that the words "whoever" and "person" are synonymous. In the case of **State of Ohio v Cincinnati Fertilizer Co.,** 24 Oh St, 611, it is stated in the syllabus that: "A corporation is not a 'person' within the meaning of the Act of April 15, 1857, * * *." The opinion in the case is as follows:

"We think the court below was right. Criminal laws are to be construed strictly in favor of the accused. In its primary sense, the word 'person' means a natural person only. I know of no criminal statute in Ohio where the word has been held to apply to a corporation; nor do I know of any case where an attempt has before been made in this state to indict a corporation. We have no common-law crimes in Ohio, and the whole theory and machinery of our administration of criminal law seem adapted only to the prosecution and punishment of natural persons. There is no provision of law for bringing an indicted party into court by summons, or otherwise than by actual arrest of his person. Under such a state of legislation and practice, the legislature could not have intended, in the use of the word 'person', which is found in almost every criminal law of the state, to authorize an indictment against a corporation for this particular offense, without any special or further provision as to the liability of corporations, or the mode of proceeding against them."

Waiving the proposition that the case is not brought under the proper section, the established law is that the word "whoever" is synonymous with the word "person", and that the word "person" means a natural person only, and in the absence of further provision in the ordinance as to the amenability of corporations to the ordinance, the judgment of the Municipal Court was contrary to law. It follows that the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is likewise contrary to law.

This opinion is based on the proposition that this court on review of a decision of the Municipal Court of Cincinnati will take judicial notice of the ordinances of the city, since the Municipal Court takes judicial notice of them. And the further proposition that the Code of Ordinances of the City of Cincinnati issued in 1928 and the supplement of 1932 contain the ordinances in force at the time of the offense charged in the affidavit. If there are later ordinances in point, we do not have access to them and the briefs do not discuss the ordinances in any form.

The judgments of the Municipal Court and of the Court of Common Pleas, affirming the Municipal Court, are reversed and held for naught, and judgment will be entered here dismissing Parkway Cabs, Inc., from prosecution under the charge, and it is hereby released from answering thereto.

Costs will be taxed against the City of Cincinnati, defendant in error.

ROSS, PJ, concurs.
MATTHEWS, J, dissents.

## DISSENTING OPINION

By MATTHEWS, J.

The affidavit and warrant show that the charge against Parkway Cabs, Inc., was the violation of §74-102(6) of the "Code of Ordinances of the City of Cincinnati" in that it unlawfully parked an automobile within twenty-feet of a water hydrant used by the "Fire Department of the City of Cincinnati." The bill of exceptions refers to the ordinance as §74-102, but nowhere in the record is found a copy of the ordinance upon which the prosecution was based.

The first question is whether this court can take judicial notice of the terms of this ordinance. The authorities are conflicting on this subject. 17 **Ohio Jur.,** 53 and 54; 15 R.C.L., 1077; Wergin v Voss, 179 Wis., 603, 192 NW 51, 26 A.L.R. 933. That the Municipal Court of Cincinnati should take judicial notice of the ordinances of the city of Cincinnati is clear. But an entirely different problem is presented when a review-

ing court is asked to treat an ordinance as within its judicial cognizance. The city court has easy access to the city ordinances. They are the product of the city legislative body and undoubtedly the Municipal Court has authority to call upon administrative officers of the city to furnish it with reliable information as to the status of ordinances at all relevant times. This is not true of a reviewing court that may be sitting at great distance from the municipality, whose ordinances are involved in the case. And even when the reviewing court is sitting in the city whose ordinance is brought in question, information concerning the ordinance of that dependable character that should surround the rule or law to be applied is not always attainable without great labor, and, even though the reviewing court does exert itself the result of the search lacks certainty. What has happened in this case illustrates this. Judge Hamilton's investigation of the available published ordinances revealed that §74-102, in the annual supplement of 1932, has nothing to do with parking, but that in the "Code of Ordinances" of 1928 there is a section numbered §74-148 that makes it unlawful to park within twenty feet of a fire hydrant. Inquiry of a deputy clerk of the council of the city of Cincinnati disclosed that an amendment was passed in 1933, which was in effect in 1934, making parking near fire hydrants unlawful and that this amendment is §74-102(6), which is the section mentioned in the affidavit and warrant in this case, but no where else. Further search reveals that there is a provision in Title VII (§703), that indicates that the city council recognized that a corporation might be charged with the violation of a penal ordinance and provided for the method of summonsing it.

The briefs do not set forth the terms of the ordinance and counsel in oral argument referred to the ordinance in general terms only without quoting it in haec verba. So we have reached the point of deciding whether this ordinance has been violated without knowing the terms of the ordinance. This, it seems to me, makes manifest the unsoundness of the rule requiring a reviewing court to take judicial notice of a municipal ordinance. The true rule, and the one which should be followed in this case, is the one followed in Village of Euclid v Bramley, 20 C.C. (n.s.) 453 at 465, which I quote:

"To entertain any presumption in favor of the existence of a valid ordinance defining an offense and providing penalty therefor, has been criticized as, in a sense, a departure from the rule frequently announced by this court that it will not take judicial notice of municipal ordinances. But it is not, in fact, any exception to said rule, where error is alleged by one convicted before the mayor or magistrate. Being plaintiff in error, he must file a bill of exceptions setting forth the ordinance, so that it may come before the reviewing court. His own neglect to bring the ordinance into the record does not entitle him to a reversal; rather the judgment should be affirmed because no error is shown."

The litigant desiring a review of the judgment of a Municipal Court could without any inconvenience have incorporated in the bill of exceptions a copy of the ordinance, and in that way remove all uncertainty of the subject of the applicable ordinance.

Applying the rule of Euclid v Bramley, supra, to this case what is the result?

This court, of course, takes judicial notice of constitutional and statutory provisions conferring authority upon municipalities. We, therefore, take judicial notice that the City of Cincinnati had authority under the law to pass an ordinance making it unlawful for any person—natural or artificial—or both—to park an automobile near a fire plug, and that it could impose an absolute liability upon the owner or operator or both for so doing. That the City of Cincinnati· has the power to pass such an ordinance we know, because it is the law of the State of Ohio, but we do not know whether it has exercised such power.

Judgments of courts are reversed only for errors apparent upon the face of the record presented for review, and every reasonable presumption is indulged in favor of the validity and regularity of the judgment of the trial court.

The bill of exceptions shows that this automobile was parked on the opposite side of the street in front of the office of Parkway Cabs, Inc., and apparently within plain view of the executive officers of that corporation as they transacted its business. Under such circumstances it is surely within the competence of the municipality to charge the corporate owner with criminal responsibility for the parking of the automobile at a place where it was a menace to life and property.

As error does not affirmatively appear, the judgment should be affirmed.

For these reasons, I am unable to concur in the judgment of reversal.